IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-10-GF-BMM-JTJ |
| Plaintiff, | AMENDED FINDINGS AND RECOMMENDATIONS |
| v. | |
| JOHNNY TYRONE HUFFMAN JR., | |
| Defendant. | |

## I.  Synopsis

Defendant Johnny Tyrone Huffman Jr. (Huffman) has been accused of violating conditions of his supervised release. (Docs. 63). Huffman admitted part of one of the alleged violations. Huffman's supervised release should be revoked. Huffman should be sentenced to custody for 6 months, with 12 months of supervised release to follow.

## II.  Status

On August 29, 2022, Huffman pleaded guilty to the offense of Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in Count 1 of the Indictment. (Doc. 28). The Court sentenced

Huffman to Time Served followed by 3 years of supervised release. (Doc. 44). Huffman's current term of supervised release began on January 4, 2023.

**Petition**

On July 17, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Huffman's supervised release. (Doc. 49). The Petition alleged Huffman violated conditions of his supervised release by: (1) committing the misdemeanor offense of Family Member or Partner Assault in violation of Mont. Code Ann. § 45-5-206(1)(a) and/or (1)(c); and (2) failing to follow the instructions of his probation officer and by having contact with K.M., an adult female on August 18, 2025, and by traveling outside the city limits of Helena on September 16, 2025 and again having contact with K.M.

**Amended Petition**

On September 23, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Huffman's supervised release. (Doc. 65). The Amended Petition alleged Huffman violated conditions of his supervised release by the added violation of : (3) failing to follow the instructions of his probation officer by having phone contact with K.M., an adult female on several occasions between September 19th-September 23rd, 2025 while incarcerated at the Cascade County Detention Center.

**Initial Appearance**

Huffman appeared before the Court on September 24, 2025. Huffman was represented by counsel. Huffman stated that he had read the Amended Petition and that he understood the allegations against him. Huffman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 24, 2025. Huffman admitted that he had violated the conditions of supervised release as set forth as part of allegation (2) in the Amended Petition. Specifically, Huffman admitted that he had traveled outside the city limits of Helena, Montana on September 16, 2025 and had contact with K.M., an adult female, on that date. The Government moved to dismiss allegations (1), which the Court granted.

The Court then heard testimony from United States Probation Officer Derek Estep regarding allegation (3). Based upon the testimony and arguments of counsel, the Court determined that factually the Government had met its burden of proof regarding allegation (3). However, the Court further determined that whether or not Huffman was subject to supervised release after 30 days of incarceration was an open question. Therefore, the Court stated it would not consider allegation (3) in

imposing sentence. Huffman's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Huffman appeared before the Court on September 24, 2025. Huffman's violation is Grade C. His criminal history category is III. Huffman's underlying offense is a Class C felony. Huffman could be incarcerated for up to 24 months. Huffman could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Huffman's supervised release should be revoked. Huffman should be sentenced to custody for 6 months, with 12 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Huffman that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Huffman of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Huffman that Judge Morris would

consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That JOHNNY TYRONE HUFFMAN JR., has violated the conditions of his supervised release by: (2) failing to follow the instructions of his probation officer by traveling outside the city limits of Helena, Montana on September 16, 2025 and having contact with K.M., an adult female on that date.

The Court **RECOMMENDS:**

>That the District Court revoke Huffman's supervised release and sentence Huffman to custody for 6 months, with 12 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of September 2025.

John Johnston
United States Magistrate Judge